UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DONALD BUTLER,**

    **Plaintiff,**

vs.                                                                   Case No.:

**THE MERIT DISTRIBUTION GROUP, LLC,**
a Foreign Limited Liability Company, aka
**MG DISTRIBUTION, LLC,** dba
**LANCASTER DISTRIBUTING,**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, DONALD BUTLER, by and through his undersigned counsel, sues the Defendant, THE MERIT DISTRIBUTION GROUP, LLC, a Foreign Limited Liability Company, aka MG DISTRIBUTION, LLC, dba LANCASTER DISTRIBUTING, hereinafter referred to as "MERIT" or "Defendant" and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1367 and 1441(b).

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### ADMINISTRATIVE PREREQUISITES

3. All conditions precedent to bringing this action have occurred.

4. Plaintiff, DONALD BUTLER, timely filed a charge of discrimination with the

Equal Employment Opportunity Commission (EEOC) and Florida Commission on Human Relations (FCHR) on or about December 6, 2019.

5. More than 180 days has passed since the filing of his charge.

6. Plaintiff has received the Notice of Right to Sue from the EEOC.

7. Defendant, MERIT, is an employer as defined by the laws under which this action is brought and employ the required number of employees.

## PARTIES

8. Plaintiff, DONALD BUTLER, is a resident of Largo, Pinellas County, Florida.

9. Defendant, MERIT, is a Foreign Limited Liability Company, authorized to and conducting business in the State of Florida and conducting business in this judicial district.

## GENERAL ALLEGATIONS

10. At all times material herein, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

11. At all times material herein, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

12. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

13. Plaintiff, DONALD BUTLER, is 64 years old.

14. Plaintiff began his employment with Defendant in 1993. For 26 years, Plaintiff excelled in his position. For the past ten years, Plaintiff worked in the receiving department.

15. Sometime in 2018, Plaintiff was inexplicably moved from the receiving department to the "packer" position, a much more arduous job. Plaintiff was replaced in the receiving

department by an individual substantially younger than himself. In the packer position, Plaintiff worked alongside two other substantially younger employees.

16. In or around late-August/early-September, Plaintiff disclosed to his supervisor that he suffered from osteo-arthritis in his hip. Plaintiff also requested to return to the receiving department, where he had worked for ten years. Just a few weeks later, Plaintiff was terminated by the Director of Operations, Rob (last name unknown) after disclosing his condition.

### COUNT I
### AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 – DISABILITY DISCRIMINATION

17. Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 16.

18. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

19. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of his job with Defendant.

20. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff, and discriminated Plaintiff because of his disability, record of a disability and/or perceived disability.

21. Defendant failed to engage in the interactive process and failed to provide Plaintiff with a reasonable accommodation and terminated him on the basis of his disability, record of a disability and/or perceived disability.

22. The above described acts of disability discrimination constitute a violation of the ADAAA for which Defendant is liable.

23. Defendant's unlawful and discriminatory employment practices toward Plaintiff

was intentional.

24. As a direct and proximate result of Defendant's violations of the ADAAA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, DONALD BUTLER, prays for judgment against Defendant, MERIT, and for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive damages;

    f. Attorney's fees and costs; and

    g. For any other relief this Court deems just and equitable.

## COUNT II
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") RETALIATION

25. Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 16.

26. Plaintiff suffered an adverse employment action (termination) for opposing an employment practice for opposing Defendant's discriminatory treatment of his medical condition and for requesting an accommodation, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq*.

27. The above described acts constitute retaliation, in violation of the ADAAA.

**WHEREFORE,** Plaintiff, DONALD BUTLER, prays for judgment against Defendant, MERIT, and for the following damages:

      a.      Back pay and benefits;

      b.      Prejudgment interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

      e.      Punitive damages;

      f.      Attorney's fees and costs; and

      g.      For any other relief this Court deems just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT – DISABILITY DISCRIMINATION

28.    Plaintiff realleges and adopts the allegations stated in paragraphs 1 –16.

29.    Plaintiff is an individual entitled to protection under the Florida Civil Rights Act ("FCRA"), Chapter 760, *Florida Statutes*.

30.    Plaintiff is an individual with a disability.

31.    By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of his disability, record of a disability and/or perceived disability.

32.    Defendant failed to engage in the interactive process and failed to provide Plaintiff with a reasonable accommodation and terminated him on the basis of his disability, record of a disability and/or perceived disability.

33.    The above described acts of disability discrimination constitute a violation of the FCRA, for which Defendant is liable.

34.    Defendant's unlawful and discriminatory employment practices toward Plaintiff

were intentional.

35. As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, DONALD BUTLER, prays for judgment against Defendant, MERIT, and for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive damages;

    f. Attorney's fees and costs; and

    g. For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT - RETALIATION

36. Plaintiff realleges and adopts the allegations stated in paragraphs 1 –16.

37. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760. Specifically, Plaintiff was terminated after opposing discriminatory behavior toward him and after requesting an accommodation.

38. The above described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

39. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, DONALD BUTLER, prays for the following damages against Defendant, MERIT:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages;

    e.    Pecuniary and non-pecuniary losses;

    f.    Costs and attorney's fees;

    g.    Punitive damages; and

    h.    For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

40.    Plaintiff requests a jury trial for all issues so triable.

**DATED** this 8th day of September, 2020.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
miguel@fgbolaw.com
Secondary:    gina@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Trial Attorneys for Plaintiff*